[Cite as *Herndon v. Herndon*, 2011-Ohio-888.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| RODNEY H. HERNDON | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Sheila G. Farmer, J. |
| Plaintiff-Appellant | : | Hon. Julie A. Edwards, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2010-CA-00245 |
| WENDY L. HERNDON | : |  |
|  | : |  |
| Defendant-Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Civil appeal from the Stark County Court of
                               Common Pleas, Domestic Relations
                               Division, Case No. 2007DR01366

JUDGMENT:                      Affirmed


DATE OF JUDGMENT ENTRY:        February 22, 2011


APPEARANCES:

For Plaintiff-Appellant                For Defendant-Appellee

DAVID S. AKE                           JOHN R. GIUA
101 Central Plaza South, Ste. 600      220 Market Avenue S.
Canton, OH  44702                      Suite 400
                                       Canton, OH  44702

*Gwin, P.J.*

{¶1} Plaintiff-appellant Rodney H. Herndon appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which adopted the decision of the magistrate overruling his motion to modify the spousal support he pays to defendant-appellee Wendy L. Herndon. Appellant assigns two errors to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN NOT REDUCING OR TERMINATING THE APPELLANT'S SPOUSAL SUPPORT RETROACTIVE TO THE DATE APPELLANT'S MOTION WAS FILED.

{¶3} "II. THE COURT ERRED IN NOT ORDERING THE APPELLEE TO REIMBURSE THE APPELLANT FOR ONE-HALF OF THE DEFICIENCY IN THE SALE OF THE MARITAL RESIDENCE FROM THE APPELLANT'S SPOUSAL SUPPORT."

{¶4} The record indicates the parties were divorced in December 2008. The court ordered appellant to pay appellee's spousal support in the amount of $2,000.00 per month for 84 months, terminating on the death of either party, remarriage of the defendant, or her cohabitation with an unrelated male. The court also ordered the marital residence be sold or auctioned; appellee would receive the net proceeds of the sale after discharge of the mortgage and payment of normal selling costs.

{¶5} Appellant appealed the matter to this court, and we affirmed in *Herndon v. Herndon,* Stark App. No. 2008-CA-00289, 2009-Ohio-3261. In the prior appeal, we found the trial court's award of spousal support was within its discretion, based as it was on appellant's income from his business. *Herndon I,* at paragraph 11. We also reviewed the trial court's order that appellee would receive the proceeds from the sale

of the home. The difference between the listing price on the property and the indebtedness on the home was $70,000.00, but we noted the actual sale could be different. We found no error. *Herndon I* , at paragraph 16 through 19.

I.

**{¶6}** In his first assignment of error, appellant argues the trial court should have reduced his spousal support obligation. The trial court's original award was based upon its finding that appellant's income was $69,000.00. At the hearing on the motion for modification, appellant testified his income for 2008 was actually $79,000.00, but his 2009 income was approximately $3,580.00, plus approximately $21,000.00 depreciation, as evidenced by his 2009 federal income tax return. Appellant testified he removed over $80,000.00 in assets from his company in 2009, of which he used $18,000.00 to pay his spousal support obligations and $26,000.00 on the deficiency on the sale of the marital residence. See II, infra.

**{¶7}** Appellant presented the evidence of a certified public accountant, who stated the funds appellant removed from the company should not be considered income. The total assets of the company had decreased by approximately $72,000.00, while the company debt had increased about $15,000.00. The CPA stated if the appellant continued to remove assets from the business while increasing the debt, he would be out of business within a year.

**{¶8}** The magistrate found appellant had taken at least $63,000.00 from the business and his company had directly paid $18,000.00 towards his spousal support obligation. Appellant paid additional personal expenses through the business and the

magistrate found appellant had benefited from at least $81,000.00 from his business. The magistrate concluded the money drawn from the business was income to appellant.

{¶9} Our standard of reviewing the decisions of a domestic relations court is generally the abuse of discretion standard, see *Booth v. Booth* (1989), 44 Ohio St. 3d 142, 541 N.E. 2d 1028. The Supreme Court made the abuse of discretion standard applicable to alimony orders in *Blakemore v. Blakemore* (1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140. The Supreme Court has repeatedly held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. Id. at 219. In applying the abuse of discretion standard, this court may not substitute our judgment for that of the trial court, *Pons v. Ohio State Medical Board,* 66 Ohio St. 3d 619, 1993-Ohio-122, 614 N.E. 2d 748.

{¶10} We find the trial court did not err in treating the funds drawn from the business as income to appellant. We conclude the court did not abuse its discretion in overruling the motion to modify spousal support.

{¶11} The first assignment of error is overruled.

II.

{¶12} In his second assignment of error, appellant argues the funds from the sale of the marital home were insufficient to discharge all the indebtedness, and appellant paid the deficiency of $26,378.25 to close the sale. He moved the court to order appellee to reimburse him for half the deficiency.

{¶13} The court awarded appellee the "net proceeds" of the sale of the residence, but did not place a value on this award. This court affirmed the trial court's decision in

*Herndon I.* Unfortunately, there were no net proceeds of the sale so appellee received nothing.

{¶14} The magistrate declined to order appellee to assume one-half of the cost to discharge the mortgages, finding the trial court lacked jurisdiction to alter the division of assets and debts. It is well settled a trial court lacks jurisdiction to make substantive changes to a property division order, although it retains the power to clarify and construe its original property division in order to effectuate its judgment. *Jones v. Jones,* 178 Ohio App. 3d 618, 2008-Ohio-6069, 903 N.E. 2d 329.

{¶15} In the divorce decree, the court found appellant's financial actions and decisions had created additional indebtedness, requiring a second mortgage or line of equity, which at the time of divorce was approximately $23,000.00. The magistrate found particularly given that the deficiency was fairly similar to the increased indebtedness appellant had caused, she could not order appellee to pay half the deficiency. We agree the trial court's final order in the divorce decree indicated appellee was to benefit from the sale of the home, not to incur additional expenses.

{¶16} We find the trial court did not err as a matter of law or abuse its discretion in failing to order appellee to share in the deficiency payment.

{¶17} The second assignment of error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.

By Gwin, P.J.,

Farmer, J., and

Edwards, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

WSG:clw 0210

_____

HON. JULIE A. EDWARDS

[Cite as *Herndon v. Herndon*, 2011-Ohio-888.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RODNEY H. HERNDON | : | |
| | : | |
| Plaintiff-Appellant | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WENDY L. HERNDON | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | CASE NO. 2010-CA-00245 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed. Costs to appellant.

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JULIE A. EDWARDS